# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN J. BARNOCKY, JR.,** | : | CIVIL ACTION NO. 1:19-CV-1658 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **E. BRADLEY,** *et al.,* | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff John Barnocky ("Barnocky"), an inmate confined at the United States Penitentiary, Canaan, Pennsylvania ("USP-Canaan"), initiated this civil rights action pursuant to 28 U.S.C. § 1331. (Doc. 1). Along with the complaint, Barnocky filed a motion (Doc. 7) for leave to proceed *in forma pauperis*. Our preliminary review of the complaint reveals that Barnocky fails to provide the defendants with adequate notice of the nature of the claims against them in violation of Federal Rule of Civil Procedure 8(a). Our review also reveals that Barnocky improperly includes unrelated claims against multiple defendants in violation of Rule 20(a)(2). Mindful of the wide latitude given to *pro se* plaintiffs, we will provide Barnocky an opportunity to correct these pleading errors by filing an amended complaint which strictly complies with Rule 8 and Rule 20.

## I. Factual Background & Procedural History

Barnocky commenced this action with the filing of a *pro se* complaint (Doc. 1) on September 26, 2019. In his complaint, Barnocky documents various encounters with, and perceived mistreatment by, 23 different defendants at USP-Canaan from

March 5 through August 28, 2019. (See id.) Barnocky's complaint includes 18 enumerated paragraphs, styled as "claims," which briefly describe events and concerns that Barnocky says he "chose to keep track of . . . over 6 months." (Id. at 13). In the section of the form civil-rights complaint asking Barnocky to identify which constitutional rights he believes the defendants have violated, Barnocky replies: "First and Eighth Amendment Rights, Right to proper Medical care, Right to be free from threats against my life & safety from Guards, Right to use the Law Library and have Legal Books, Right to use the phone, Right to get Hygiene Supplies." (Id. at 4).

## II. Discussion

Federal Rule of Civil Procedure 8 establishes the general rules of pleading. See FED. R. CIV. P. 8. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d)(1) speaks to factual allegations, requiring that "[e]ach allegation . . . be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). These rules task the plaintiff to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). This standard requires more than legal labels and conclusory assertions: a complaint must include enough facts to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Barnocky's complaint fails to meet these basic pleading requirements. The complaint is relatively concise. The problem is that the factual narrative spans

2

nearly 6 months and involves a cast of nearly two dozen correctional officers and prison officials. While some of the "claims" arguably provide sufficient factual detail to satisfy Rule 8, (see, e.g., Doc. 1 at 9 (describing incident involving alleged denial of medical care on March 5, 2019), most of the enumerated paragraphs offer nothing more than an abbreviated and disconnected summary of isolated events. Claim 9 is illustrative, alleging in a single sentence that "J. Roman and K. McCarthy opened sealed legal mail stop[p]ed at cell & told my celly to read my mail, also told Dr. Vogt – Psychology – I was talking about him?" Dr. Vogt is a witness to all these claims." (Id. at 10).

Some of the purported "claims" fail to identify the allegedly responsible defendant at all. Claim 4, for example, vaguely asserts: "3-27-19 put in paper – changed diet to common fare – got sick – Fear of being poisoned (on-camera) witness Larry D. Silmon." (Id.) Claim 8 states only "5-9-19 – (subpoenaed phone call)." (Id.) And Claim 14 avers that an unnamed "C.O." refused Barnocky phone privileges and that his diet "was changed to common fare because I believe they were poisoning my food." (Id. at 11). As to six defendants—A.W. Eckert, Captain J. Berkihsher, Dr. Mowatt, Lieutenant Weaver, Unit Manager Johnson, and Case Manager Farrarah—the complaint offers no allegations whatsoever.

In addition, the complaint does not identify the legal theory supporting the individual "claims." Rather, it lists a hodgepodge of alleged violations—"First and Eighth Amendment Rights, Right to proper Medical care, Right to be free from threats against my life & safety from Guards, Right to use the Law Library and have Legal Books, Right to use the phone, Right to get Hygiene Supplies"—but fails to

3

clearly link those theories to any of the 23 named defendants. (See id. at 4). In sum, Barnocky's complaint "l[eaves] the defendants having to guess what of the many things discussed" constitute causes of action, the legal theory on which those causes may rest, and the defendants against whom each cause is lodged. See Binsack v. Lackawanna Cty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (nonprecedential). Barnocky's complaint thus fails to comply with Rule 8.

The lack of clarity in Barnocky's complaint causes an additional problem. Rules 18 and 20 of the Federal Rules of Civil Procedure explain the circumstances in which multiple claims and multiple defendants may be joined. Rule 18 states that a party "may join . . . as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Thus, when an action involves only one defendant, a plaintiff may assert every claim he has against that defendant, regardless of whether the claims are factually or legally related to one another, subject only to the limits of federal subject-matter jurisdiction. See 7 CHARLES ALAN WRIGHT & ARTHUR MILLER, ET AL., FEDERAL PRACTICE & PROCEDURE § 1582 (3d ed. 2019); see also FED. R. CIV. P. 18(a).

When a plaintiff seeks to assert claims against *multiple* defendants, however, Rule 20 also comes into play. See WRIGHT & MILLER, *supra*, § 1655. Rule 20 governs permissive joinder of parties and explains that a plaintiff may only join multiple defendants in a single case if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). In other words, notwithstanding the broad joinder-of-claims language of Rule 18(a),

4

a plaintiff may join multiple defendants in a single complaint only if he asserts at least one claim linking *all* defendants that (1) arises out of the same transaction or occurrence and (2) involves a common question of law or fact. Id.; WRIGHT & MILLER, *supra*, § 1655. That is, there must be at least one common claim against all named defendants. Once a plaintiff satisfies this requirement, he may invoke Rule 18 to assert "as many claims as [he] has" against one or more defendants, even if those additional claims are unrelated to the common claim linking all defendants. See FED. R. CIV. P. 18(a); WRIGHT & MILLER, *supra*, § 1655.

Barnocky's complaint violates Rule 20. The court is unable to discern a single claim in the complaint which properly links all defendants. For example, there is no obvious connection between Barnocky's only reference to Dr. Norcross, who allegedly instructed him to "go to pill line and take [his] medication," (Doc. 1 at 9), and the balance of his allegations concerning correctional officers allegedly interfering with his legal mail, damaging his personal effects, or "harassing" him more generally. Nor is there an apparent relationship between Barnocky's only claim against Correctional Officer Porter—that he called Barnocky names and put him in "paper clothes" in March 2019, (see id. at 10)—and his allegations against the rest of the defendants. And as noted above, Barnocky's complaint contains no allegations as to named defendants A.W. Eckert, Captain J. Berkihsher, Dr. Mowatt, Lieutenant Weaver, Unit Manager Johnson, and Case Manager Farrarah. Under Rule 20, these disconnected and unrelated claims against multiple defendants cannot stand.

Noncompliance with Rule 20 is particularly problematic in cases under the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA substantially changed judicial treatment of prisoner civil rights actions. Specifically, under the PLRA, the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of independent claims in a civil action without making the required connection among joined defendants under Rule 20 would circumvent the filing fee requirement of the PLRA.

### III. Conclusion

We will afford Barnocky the opportunity to amend the complaint to comply with the Federal Rules of Civil Procedure. Any amended complaint must comply with both Rule 8 and Rule 20, as detailed above. The amended complaint must more clearly state the basis for the claims lodged against each defendant. See FED. R. CIV. P. 8(a). If Barnocky's amended complaint names more than one defendant, the pleading must identify at least one common cause of action against all of them. See FED. R. CIV. P. 20(a)(2). To the extent Barnocky believes he has been subjected to a violation of his rights by a defendant unable to be joined in this case, Barnocky must file separate complaints addressing the separate occurrences. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: November 26, 2019